# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.            Case No. 8:16-cr-350-T-27

**VAUGHN MATTHEWS**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Matthews' "Motion Requesting Judicial Recommendation Concerning RRC Placement" (Dkt. 54). No response is necessary. The motion is **DENIED**.

Defendant stands convicted of possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm and ammunition by a convicted felon. (Dkt. 51). He was sentenced to 78 months imprisonment, followed by 5 years of supervised release. (Id. at 2). According to the Bureau of Prisons website, he is set to be released from the Bureau's custody on March 28, 2022.

Defendant asks this Court "for a Judicial Recommendation to the Director of the Federal Bureau of Prisons ("FBOP") to afford [himself] placement at a Residential Reentry Center ("RRC") for the last 12 months of incarceration." (Dkt. 54 at 1). Specifically, he asks "this Honorable Court to modify its Judgment and Commitment Order to recommend that the FBOP place [him] in a residential reentry center for 12 months or in the alternative, a combination of maximum halfway house placement and maximum home confinement, in accordance with the Second Chance Act of 2007 and the First Step Act." (Dkt. 54 at 2). In support of this request, he asserts that he "has enrolled in and completed over 10 programs and courses since he arrived at the [FBOP] in 2017" and that "[a]ll of these programs have helped address [his] rehabilitative needs while serving his sentence within the FBOP." (Id.).

Under 18 U.S.C. § 3624(c)(1), "[t]he Director of the Bureau of Prisons shall, to the extent

practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." One of the factors considered by the FBOP in making decisions regarding pre-release custody is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). Although a sentencing court may recommend that a defendant be placed in a particular facility or program, the FBOP retains the ultimate authority to make placement decisions. *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); *see, e.g.*, *United States v. Martin*, 877 F.3d 1035, 1036 (11th Cir. 2017) (listing cases from other circuits that recognize such non-binding recommendations).

Defendant's request for a recommendation is due to be denied. First, he fails to provide adequate information supporting his request. Notably, he relies on a purported list of courses that he completed as the sole support for his request. (Dkt. 54 at 2). And he does not provide any documentation reflecting the completion of these courses, or any information regarding his disciplinary history while incarcerated. *See United States v. Hill*, No. 06-0286-CG-C, 2019 WL 3337904, at *1 (S.D. Ala. July 25, 2019) (denying request for RRC recommendation based on lack of information). Second, the FBOP remains in the best position to make Defendant's pre-release custody determination. This Court, therefore, will not interfere in that determination. Accordingly, the motion is **DENIED**.

**DONE AND ORDERED** in chambers this 4th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record